UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MACKEL D. JONES,
    Plaintiff,

vs.                                                        Case No.: 3:22cv629/MCR/EMT

CHASE FLIPPIO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mackel D. Jones (Jones), an inmate of the Escambia County Jail proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented, it is the opinion of the undersigned that Jones' complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

I.    BACKGROUND

Jones names the state public defender's office and Assistant Public Defender (APD) Chase Flippio as the only Defendants (ECF No. 1 at 1–3). Jones alleges he

asked APD Flippio to provide him several documents in his criminal case (a demand for discovery, competency report, and motion for bond hearing), but Flippio has not provided the documents (*id.* at 5). Jones alleges the public defender's office systematically allows APDs to ignore clients' due process rights (*id.* at 5–6). Jones alleges he filed a motion to discharge counsel in his criminal case, but the presiding judge denied the motion (*id.* at 6). Jones asserts due process claims against Defendants under the Fifth and Fourteenth Amendments (*id.* at 7). As relief, Jones seeks monetary damages (*id.*).

II.  DISCUSSION

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted).  And "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681.  Stated succinctly,

> pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993)

Case No.:  3:22cv629/MCR/EMT

(citing *Parratt*). The Eleventh Circuit recently reaffirmed that state action is an element of a § 1983 claim, not an affirmative defense. *See Charles v. Johnson*, 18 F. 4th 686, 695 (11th Cir. 2021) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

A public defender does not act under color of state law, as required under § 1983, when engaged in his or her general representation of a criminal defendant. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Christian v. Crawford*, 907 F.2d 808, 810 (11th Cir. 1990); *see also, e.g.*, *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (holding the district court properly determined, as to the public defender defendants, that they are not liable because they are not state actors for purposes of § 1983) (citing *Polk Cnty.*, *supra*). Therefore, Jones cannot state a plausible claim for relief against either named Defendant.

III.  CONCLUSION

Jones' factual allegations fail to state a plausible federal claim against the named Defendants, and there is no indication that providing Jones an opportunity to amend his complaint would produce a pleading that states a plausible claim. Therefore, the undersigned recommends that Jones' complaint be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Accordingly, it respectfully **RECOMMENDED**:

1. Plaintiff's complaint (ECF No. 1) be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 25th day of February 2022.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:22cv629/MCR/EMT